IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| THE SATER DESIGN COLLECTIONS, INC., | C/A No. 4:08-cv- |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| WINGARD PROPERTIES, INC., JAMES T. WINGARD, AND DEBORAH WINGARD, | **(Injunctive Relief Sought)** |
| Defendants. | |

Plaintiff sues Defendants and alleges:

## JURISDICTION AND VENUE

1. This action arises under the federal Copyright Act of 1976, Title 17, United States Code. Jurisdiction is founded on Title 28, United States Code, Section 1338(a). Venue is conferred by Title 28, United States Code, Section 1400(a).

## THE PARTIES

2. Plaintiff The Sater Design Collection, Inc. is a corporation, organized and existing pursuant to the laws of the State of Florida, with its principal place of business at 25241 Elementary Way, Suite 200, Bonita Springs, Florida 34135.

3. Defendant Wingard Properties, Inc. is a corporation, organized and existing pursuant to the laws of the State of South Carolina, with its principal place of business at 1341 44th Avenue North, Suite 201, Myrtle Beach, South Carolina 29577.

4. Defendant James T. Wingard is a citizen of the United States, who, upon information and

belief, resides at 1477 Doar Pt., Myrtle Beach, South Carolina 29577.

5. Defendant Deborah Wingard is a citizen of the United States, who, upon information and belief, resides at 1477 Doar Pt., Myrtle Beach, South Carolina 29577

### COUNT I
### COPYRIGHT INFRINGEMENT OF THE 6910

6. Plaintiff is the creator and owner of an original architectural work entitled the "6910." Reduced copies of the plans are attached hereto as *Exhibit 1*. Full size construction drawings are available but have not been attached due to their size and bulk.

7. The 6910 was originally created by Plaintiff in 2000.

8. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyrights of the 6910, and received from the Register of Copyrights a certificate of registration for the work. The certificate of registration for the 6910 is dated and identified as follows: "April 3, 2002; VA 1-148-878." Said certificate of registration is attached hereto as *Exhibit 2*.

9. Plaintiff is the owner of the entire right, title and interest in and to the 6910, and in and to the copyrights thereon and the registration thereof.

10. After the 6910 was created, the Defendants infringed said copyrights by designing, constructing and participating in the construction of multiple residences, all of which were copied largely from Plaintiff's copyrighted work. A representative sample of the infringing work is attached hereto as *Exhibit 3*.

11. After the 6910 was created, and continuously since that time, the Defendants have been advertising and otherwise marketing the copyrighted work on websites and in printed

materials, and have thereby infringed Plaintiff's copyrights.

12. Plaintiff is entitled to recover its actual damages incurred as a result of the Defendants' infringing activities, as well as any profits of the Defendant infringers.

13. In the alternative, Plaintiff is entitled to recover statutory damages of up to $150,000.00 from each infringer for each act of infringement.

14. Any continued unauthorized and infringing use by the Defendants of the copyrighted 6910 will, unless enjoined, cause irreparable harm, damage and injury to Plaintiff in that the advertisement and construction of any additional structures based upon Plaintiff's copyrighted architectural work will severely diminish the value of the original work, constitute unfair competition with Plaintiff's exclusive right to the use of the work and dilute the market for the work.

15. Plaintiff has employed the services of the law firm of Parrish, Lawhon & Yarnell, P.A. to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief:

A. That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyrights, from constructing any structure based upon the 6910 and from reproducing or otherwise distributing or selling the work in whole or in part.

B. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement of Plaintiff's copyrights and Defendants' unfair trade practices and unfair competition and to account for all:

  1. Gains, profits and advantages derived by Defendants through such trade practices and unfair competition; and

  2. Gains, profits and advantages derived by the Defendants through their infringement of Plaintiff's copyrights.

C. That Defendants, in the alternative to B. above, be required to pay statutory damages for infringement of Plaintiff's work.

D. That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the court.

E. Such other and further relief as is just.

## COUNT II
### COPYRIGHT INFRINGEMENT OF THE 6746

16. Plaintiff is the creator and owner of an original architectural work entitled the "6746." Reduced copies of the plans are attached hereto as *Exhibit 4*. Full size construction drawings are available but have not been attached due to their size and bulk.

17. The 6746 was originally created by Plaintiff in 2000.

18. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyrights of the 6746, and received from the Register of Copyrights a certificate of registration for the work. The certificate of registration for the 6746 is dated and identified as follows: "October 5, 2001; VA 1-107-989." Said certificate of registration is attached hereto as *Exhibit 5*.

19. Plaintiff is the owner of the entire right, title and interest in and to the 6746, and in and to the copyrights thereon and the registration thereof.

20. After the 6746 was created, the Defendants infringed said copyrights by designing, constructing and participating in the construction of multiple residences, all of which were copied largely from Plaintiff's copyrighted work. A representative sample of the infringing work is attached hereto as *Exhibit 6*.

21. After the 6746 was created, and continuously since that time, the Defendants have been advertising and otherwise marketing the copyrighted work on websites and in printed materials, and have thereby infringed Plaintiff's copyrights.

22. Plaintiff is entitled to recover its actual damages incurred as a result of the Defendants' infringing activities, as well as any profits of the Defendant infringers.

23. In the alternative, Plaintiff is entitled to recover statutory damages of up to $150,000.00 from each infringer for each act of infringement.

24. Any continued unauthorized and infringing use by the Defendants of the copyrighted 6746 will, unless enjoined, cause irreparable harm, damage and injury to Plaintiff in that the advertisement and construction of any additional structures based upon Plaintiff's copyrighted architectural work will severely diminish the value of the original work, constitute unfair competition with Plaintiff's exclusive right to the use of the work and dilute the market for the work.

25. Plaintiff has employed the services of the law firm of Parrish, Lawhon & Yarnell, P.A. to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief:

A. That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily

enjoined from infringing the aforementioned copyrights, from constructing any structure based upon the 6746 and from reproducing or otherwise distributing or selling the work in whole or in part.

B. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement of Plaintiff's copyrights and Defendants' unfair trade practices and unfair competition and to account for all:

1. Gains, profits and advantages derived by Defendants through such trade practices and unfair competition; and

2. Gains, profits and advantages derived by the Defendants through their infringement of Plaintiff's copyrights.

C. That Defendants, in the alternative to B. above, be required to pay statutory damages for infringement of Plaintiff's work.

D. That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the court.

E. Such other and further relief as is just.

Respectfully submitted this 22nd day of December, 2008.

/s/ Robert T. King  
Robert T. King, Esq.  
Federal ID No. 6133  
WILLCOX, BUYCK & WILLIAMS, P.A.  
PO Box 1909  
Florence, SC 29503-1909  
Tel: 843/ 662-3258; Fax: 843/662-1342  
83.I.04 Local Counsel for Plaintiff

Ian T. Holmes, Esq.  
Florida Bar No. 44193  
Floyd S. Yarnell, Esq.  
Florida Bar No. 184209  
PARRISH, LAWHON & YARNELL, P.A.  
3431 Pine Ridge Road, Suite 101  
Naples, Florida 34109  
Tel: 239/566-2013; Fax: 239/566-9561  
Lead Counsel for Plaintiff